**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**August 31, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-60504
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JONATHAN FLOYD,

Defendant-
Appellant.

-------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:03-CR-11-ALL-LN
-------------------------------------------------------------

Before WIENER, BENAVIDES AND STEWART, Circuit Judges.

PER CURIAM:*

Jonathan Floyd appeals his convictions for using fire to commit a felony, armed bank robbery,

and brandishing a firearm during a crime of violence. Floyd challenges the district court's denial of

his motion to suppress statements that he gave following his arrest and evidence that was seized in

a search of Nicole Brown's apartment.

Floyd asserts that the police entered Brown's apartment without consent and illegally detained

him. He contends that Brown's consent to a search of the apartment did not remove the taint of the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

illegal entry and detention. He argues that his statements should have been suppressed because they were obtained through custodial interrogation after an illegal arrest.

We review the denial of a motion to suppress in the light most favorable to the prevailing party, which in this case is the Government. United States v. Mendoza-Gonzalez, 318 F.3d 663, 666 (5th Cir.), cert. denied, 538 U.S. 1049 (2003). A warrantless search violates the Fourth Amendment unless the search falls within a specific exception to the warrant requirement. United States v. Jaras, 86 F.3d 383, 388 (5th Cir. 1996). Consent is "'one of the specifically established exceptions'" to the warrant requirement. Id. We examine "the totality of the circumstances" to determine whether consent was knowing and voluntary. United States v. Davis, 749 F.2d 292, 294 (5th Cir. 1985).

When an appellant asserts that evidence obtained subsequent to an illegal search or detention is tainted or is fruit of the prior illegality, the pertinent inquiry is whether the challenged evidence was obtained "by exploitation of [the initial] illegality or instead by means sufficiently distinguishable to be purged of the primary taint." Segura v. United States, 468 U.S. 796, 804-05 (1984) (citations and internal quotations omitted). The question whether a confession is the product of a free will must be answered based on the facts of the individual case. Brown v. Illinois, 422 U.S. 590, 603 (1975).

The evidence supports the district court's rulings on Floyd's suppression motion. See United States v. Richard, 994 F.2d 244, 250-52 (5th Cir. 1993); United States v. Miller, 608 F.2d 1089, 1102-03 (5th Cir. 1979). Accordingly, we AFFIRM the denial of Floyd's motion to suppress his statements and the evidence seized from Brown's apartment. Mendoza-Gonzalez, 318 F.3d at 666.

Floyd contends that the district court erred by denying his request to strike for cause venire member Jamie Sample. Floyd asserts that refusal to strike Sample for cause required him to use a peremptory challenge that he could have used to strike a juror who was not impartial.

We review the district court's decision on a motion to strike a potential juror for cause for a "'manifest abuse of discretion.'" United States v. Wharton, 320 F.3d 526, 535 (5th Cir. 2003), cert. denied, 539 U.S. 916 (2003). The district court's decision was based on Sample's demeanor and her sworn statements. We accord deference to the trial judge's ruling on potential juror bias. See United States v. Duncan, 191 F.3d 569, 573 (5th Cir. 1999). Floyd has not established that any member of the jury in his case was not impartial. See Wharton, 320 F.3d at 535.

Floyd contends that the instructions to the jury denied him the right to have the jury consider his guilt on each Count of the indictment separately. The district court instructed the jury to consider each count of the indictment as a separate charge and to make a decision on Floyd's guilt as to each count separately. The "jury is presumed to follow the court's instructions." United States v. Simmons, ___ F.3d ___, 2004 WL 1368148, *6 n.11 (5th Cir. Jun. 18, 2004). The district court's charge as a whole correctly stated the law and the issues. Simmons, 2004 WL 1368148 at *4. Floyd has not shown plain error. United States v. Rivas, 99 F.3d 170, 174 (5th Cir. 1996).

Finally, Floyd contends that, without his confessions and the evidence that was seized from Brown's apartment, the evidence produced by the Government was not sufficient to convict him. In light of the foregoing, Floyd's argument is without merit. Accordingly, we AFFIRM the judgment of the district court.

AFFIRMED.